CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 18 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEVIN BERGLOWE,<br>    Petitioner, | ) <br> ) <br> ) | CASE NO. 7:17CV00516 |
| v. | ) <br> ) | MEMORANDUM OPINION |
| DIRECTOR OF D.O.C.,<br>    Respondent. | ) <br> ) <br> ) | By: Hon. Glen E. Conrad<br>Senior United States District Judge |

Kevin Berglowe, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment in the Buchanan County Circuit Court. Respondent filed a motion to dismiss, and Berglowe responded, making the matter ripe for disposition. After review of the record, the court concludes that the petition must be dismissed.

I.

On habeas review, the Supreme Court of Virginia established the following facts:

> [P]etitioner sold cocaine to a confidential informant in August 2011. Thereafter, petitioner and the Commonwealth entered into a bond agreement permitting petitioner to serve as a confidential informant for a police drug task force. In February 2012, after learning that petitioner violated the bond agreement and sold cocaine and marijuana from his residence, the police searched his residence. The police recovered twenty-six grams of cocaine individually packaged in plastic baggies, six pounds of marijuana in the woods outside the residence, and three bags of marijuana concealed in a large bag of dog food.

Berglowe v. Dir. of the D.O.C., No. 160245, slip op. at 2 (Va. Jan. 17, 2017).

Pursuant to pleas of no contest, the Buchanan County Circuit Court convicted Berglowe of possession of a Schedule I or II controlled substance with intent to distribute, third or subsequent offense, distribution of a Schedule I or II controlled substance through accommodation, possession of greater than five pounds of marijuana with intent to distribute,

and misdemeanor nuisance. Berglowe was sentenced to thirty five years and twelve months' imprisonment, with twenty-five years and twelve months suspended. Berglowe's direct appeals and other postconviction motions failed.

## II. Current Petition

On or around November 16, 2017, Berglowe filed a § 2254 petition, alleging the following claims:

1. Counsel was ineffective at sentencing for failing to proffer evidence of a reasonable or valid defense in support of Berglowe's oral motion to withdraw his no contest pleas;

2. Counsel was ineffective at sentencing for failing to file written motions to withdraw Berglowe's no contest pleas and to dismiss the case based on entrapment;

3. Counsel was ineffective for not obtaining a ruling on Berglowe's motion to reconsider the withdrawal of his pleas;

4. Counsel was ineffective on appeal because he did not properly file the motion to withdraw Berglowe's no contest pleas or obtain a ruling on the motion to reconsider, and thus the motions were not made a part of the appellate record; and

5. The trial court constructively denied Berglowe his right to effective assistance of counsel by not ruling on his motion to withdraw his pleas, his motion to dismiss, and his motion to reconsider.

Berglowe seeks reversal of his convictions. Respondent acknowledges that Berglowe's claims are timely, and this matter is now before the court on Respondent's motion to dismiss.

## III. Standard of Review

To obtain federal <u>habeas</u> relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

2

Under 28 U.S.C. § 2254(d), however, a federal court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

> (1) [R]esulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;
>
> or
>
> (2) [R]esulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists' could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

To state a constitutional claim for ineffective assistance of counsel, a petitioner must satisfy the two-pronged Strickland v. Washington test by showing (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." 466 U.S. 668, 686-687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," and counsel is "permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." Id. at 689; United States v. Mason, 774 F.3d 824, 828 (4th Cir. 2014).[1] When reviewing a Strickland claim under the AEDPA, the court's review is "doubly" deferential. See Richter, 562 U.S. at 105.

For Strickland's first prong, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

---

[1] "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Gentry, 540 U.S. at 8.

3

Amendment." Strickland, 466 U.S. at 687-88. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or common custom." Richter, 562 U.S. at 105 (quoting Strickland, 466 U.S. at 690). For the second prong, a petitioner must demonstrate that, but for counsel's alleged error, there is a "reasonable probability that the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id. For guilty pleas, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Lastly, "[a]n attorney's failure to raise a meritless argument [] cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999); see also Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996).

## IV. Exhaustion and Procedural Default

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citations omitted). To meet the exhaustion requirement, a petitioner "must have presented to the state court both the operative facts and the controlling legal principles." Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002) (internal quotation marks and citation omitted). A state prisoner can obtain federal habeas review of a procedurally defaulted claim if he shows either (1) cause and

4

prejudice or (2) a miscarriage of justice.² Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. Id.

Under Martinez v. Ryan, 566 U.S. 1 (2012), a federal habeas petitioner may satisfy the "cause" requirement of an otherwise procedurally defaulted claim of ineffective assistance if: (1) the ineffective assistance claim is a "substantial" one; (2) the "cause" for default "consist[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding"; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim"; and (4) state law "requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding." Fowler v. Joyner, 753 F.3d 446, 461 (4th Cir. 2014) (quoting Trevino v. Thaler, 569 U.S. 413, 423 (2013)). A "substantial" claim is one that has merit. Martinez, 566 U.S. at 14.

### V. Discussion

All of Berglowe's claims relate to the motion to withdraw his no contest pleas and/or the motion for reconsideration of the circuit court's denial of the motion to withdraw his pleas.

On habeas review, the Supreme Court of Virginia discussed the background of the motions:

---

² Berglowe does not argue a colorable claim of actual innocence under Schlup v. Delo, 513 U.S. 298 (1995) that would allow for review of his claims regardless of his default. He has not asserted an actual innocence argument or proffered any "new reliable" evidence in support of his allegations. Therefore, the court need not address the miscarriage of justice exception.

5

Before petitioner's trial on four charges, including two counts under [Va.] Code § 18.2-248 of possession with intent to distribute, third or subsequent offense, petitioner told counsel that the confidential informant to whom he sold cocaine in August 2011 had sexual intercourse with him the day before the drug transaction. Counsel confirmed this information after speaking with the confidential informant. Counsel and petitioner discussed raising an entrapment defense, but counsel warned petitioner that he faced a potential life sentence on the other [Va.] Code § 18.2-248 charge and that an entrapment defense carried a significant risk of further exposing the jury to petitioner's prior drug-related record, including a pair of 2001 convictions under [Va.] Code § 18.2-248 involving Oxycontin, for which petitioner was sentenced to a total of seventeen years' imprisonment with eight years and two months suspended. After these discussions, petitioner determined it would be in his best interest to enter into a plea agreement with the Commonwealth.

Petitioner subsequently entered into a plea agreement that reduced the charge involving the confidential informant to distribution of a Schedule I or II controlled substance as an accommodation, and the trial court accepted petitioner's no contest pleas to all charges. Before sentencing, petitioner learned he potentially faced federal charges. On the morning of petitioner's sentencing hearing, counsel presented the trial judge with a written motion to withdraw petitioner's pleas, alleging a lengthy stay in solitary confinement had affected petitioner's judgment during the plea hearing and that petitioner was unaware of the potential federal charges when he entered the pleas. In the same pleading, counsel moved to dismiss the distribution charge, on the ground that petitioner was entrapped by the confidential informant's "use of sex the day prior to the controlled buy to suggest [petitioner] sell the controlled substance." Counsel alleged petitioner "had no plan, intention, or predisposition to sell any controlled substance" until the confidential informant "suggested the idea after using sex the previous day to prepare [petitioner] as a target for the task force." Counsel never properly filed this pleading, and it was consequently not made part of the trial record.

In the judge's chambers, counsel presented argument on petitioner's diminished mental condition, the impending federal charges, and the entrapment defense, and the judge ruled petitioner was not entitled to withdraw his pleas. At sentencing, counsel stated the judge had declined to reach the entrapment issue because the judge did not permit petitioner to withdraw his pleas.[3] Counsel briefly presented oral motions to withdraw the pleas and for appointment of new counsel, but he did not proffer the facts supporting the entrapment defense. The court denied the motions. After sentencing, counsel filed a motion to reconsider the denial of the motion to withdraw the no contest pleas, raising the same factual allegations supporting the proposed entrapment defense as those previously stated

---

[3] In denying the motion, the trial court stated: "I don't see how it would advance either Mr. Berglowe or the Commonwealth to appoint another attorney, who is going to go over this same ground that the Court has already ruled on, and not in Mr. Berglowe's favor." Sentencing Hr'g Tr. 7 (Jan. 29, 2014), ECF No. 11-1.

6

in the written motion to withdraw the pleas and to dismiss based on entrapment, but petitioner did not obtain a ruling on the motion for reconsideration. On appeal, the Court of Appeals [of Virginia] held petitioner was not entitled to withdraw his pleas because, even if he provided a good faith basis for withdrawing the pleas, the only place in the record where petitioner proffered facts supporting the proposed entrapment defense was in its motion for reconsideration, upon which the trial court never ruled.

Entrapment is the conception and planning of an offense by an officer or government agent and the procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer or agent. Stamper v. Commonwealth, 228 Va. 707, 715 (1985). Although the record does not reflect that the trial judge considered the factual allegations supporting the entrapment defense in the written motion to withdraw the pleas and to dismiss based on entrapment, petitioner cannot establish prejudice because those allegations do not proffer a reasonable defense of entrapment. Predisposition to commit the charged offense, the "principal element" of the affirmative defense of entrapment, "focuses on whether the defendant was an 'unwary innocent' or, instead an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime." Matthews v. United States, 485 U.S. 58, 63 (1988) (quotation marks and citation marks omitted); see also Johnson v. Commonwealth, 211 Va. 815, 817-18, 180 S.E.2d 661, 663 (1971) (explaining entrapment occurs when police conduct "implants in the mind of an otherwise innocent person the disposition to commit an offense"); United States v. Singh, 54 F.3d 1182, 1189 (4th Cir. 1995) (distinguishing governmental overreaching "sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party" from solicitation, which "simply is the provision of an opportunity to commit a criminal act") (quotation marks and citations omitted). A claim of entrapment may fail even when the accused had not previously committed the offense he alleges he was induced to commit. [Singh, 54 F.3d at 1189] (holding defendant was not entitled to entrapment instruction on charge of writing false prescription despite lack of evidence he ever wrote another false prescription).

In this case, petitioner twice had been convicted of violating [Va.] Code § 18.2-248 before the August 2011 controlled transaction with the confidential informant. Furthermore, the evidence pertaining to the other drug charges for which he was indicted established he was involved in substantial illegal drug activity from his own home in the months following the controlled transaction. "[E]vidence of similar crimes or activities may be relevant to show that a defendant has a proclivity to commit the crime charged, whether the collateral activity occurs before or after the offense." Kent v. State, 704 So. 2d 121, 124 (Fla. Ct. App. 1997); see also United States v. Mack, 643 F.2d 1119, 1121 (5th Cir. 1981) (explaining "subsequent acts [may] be introduced to counter an assertion of entrapment"). Despite the confidential informant's actions the day before the controlled transaction, petitioner was predisposed to commit offenses involving illegal drugs and accepted the opportunity to sell the informant cocaine. See Neighbors v. Commonwealth, 214 Va. 18, 19 (1973) (holding defendant not

7

> entitled to entrapment instruction where informant begged for drugs and said he was "about to die" before defendant arranged to sell drugs to informant). The entrapment defense is "of little use" when "the ready commission of the criminal act amply demonstrates the defendant's predisposition." Jacobson v. Commonwealth, 503 U.S. 540, 550 (1992). Therefore, petitioner's proffered facts supporting his entrapment defense did not present a reasonable ground to present to a jury.

Berglowe, No. 160245, slip op. at 2-5.

In Claim 1 and 2, Berglowe asserts that counsel was ineffective for failing to proffer evidence of a valid defense in support of the oral motion to withdraw his no contest pleas, and for failing to file written motions to withdraw the no contest pleas and/or dismiss the case based on entrapment. On habeas review, the Supreme Court of Virginia concluded that the claims failed to satisfy the prejudice prong of Strickland: "the facts alleged in the written motion to withdraw the no contest pleas and to dismiss based on entrapment did not present a reasonable defense of entrapment. Therefore, petitioner cannot demonstrate the result of the proceeding would have been different had counsel proffered those facts at sentencing." Id. at 5. After reviewing the record, the state court's determination was not contrary to, or an unreasonable interpretation of, federal law, or an unreasonable determination of the facts.

First, counsel did present evidence in the written motion to withdraw Berglowe's no contest pleas; the court denied the motion despite counsel's arguments. Cook Aff. 3-4, ECF No. 11-1. Second, Berglowe was not entitled to withdraw his pleas: a defendant may be entitled to withdraw a plea before sentencing if the plea was entered inadvisedly and he is able to present a reasonable defense to the trier of fact, Bottoms v. Commonwealth, 704 S.E.2d 406, 413 (Va. 2011), if it was entered "under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence," Parris v. Commonwealth, 52 S.E.2d 872, 872-74 (Va. 1948). Here, Berglowe asserts that counsel mistakenly told him an entrapment defense could

only be raised in a jury trial, and, had he known that additional federal charges were forthcoming, he would not have pleaded no contest.[4]

However, Berglowe acknowledges: counsel discussed the entrapment defense with him prior to pleading no contest; he confirmed the Commonwealth's evidence was sufficient to convict him in his plea colloquy; and he has not asserted mistake, fraud, coercion, or undue influence undermined the validity of his pleas. Mem. in Supp. of Pet. 2-3, ECF No. 1-10; Plea Hr'g Tr. 19-21 (Sept. 9, 2013), ECF No. 11-1; see Kimler, 167 F.3d at 893 (counsel not ineffective for failing to raise meritless argument).[5]

Third, counsel is not ineffective for failing to predict whether the federal government will bring charges against a client. See Black v. United States, 373 F.3d 1140, 1146 (11th Cir. 2004) (holding that "counsel's performance was not deficient for failing to predict what was not yet a certain holding"); Britton v. United States, No. 5:12CR000014-02, 2017 WL 1410843, at *4 (Apr. 19, 2017) ("Counsel is not ineffective for applying the law as it exists and for failing to predict unforeseen changes in the law."). Fourth, the evidence against Berglowe was overwhelming and the potential aggregate sentence was significant. Besides the confidential informant's testimony regarding one of the Va. Code § 18.2-248 charges, police discovered a firearm and significant quantities of illegal drugs in and around Berglowe's home. Further,

---

[4] In his affidavit, defense counsel stated: "We discussed the potential for asserting [the presale intercourse] as an entrapment defense, the elements of such a defense, and that it would be for the jury to determine if he was entrapped. Cook Aff. 1.

[5] At the plea hearing, Berglowe initially refused to sign the voir dire form or plead no contest because he "[didn't] feel his head is straight enough to be able to think through and to rationalize the decisions he has to make." Plea Hr'g Tr. 4 (Sept. 9, 2013). The prosecutor accused Berglowe of "malingering" and the court was inclined to agree. Id. at 10-11. After some discussion about the court appointing a new lawyer to help determine Berglowe's competency, counsel and Berglowe privately discussed matters and Berglowe decided to proceed with the hearing. He then reviewed and signed the voir dire form and pleaded no contest to the charges.

9

Berglowe faced a potential life sentence on the other[6] Va. Code § 18.2-248 charge if he refused the plea deal and proceeded to trial.[7]

For all of the above reasons, Berglowe fails to demonstrate that counsel was ineffective, and that, absent counsel's alleged errors, he would not have pleaded no contest and proceeded to trial. The court will grant the motion to dismiss as to Claims 1 and 2.

In Claim 3, Berglowe contends that counsel failed to obtain a ruling on the motion to reconsider the court's denial of his motion to withdraw the no contest pleas. On habeas review, the Supreme Court of Virginia ruled that the claim failed to satisfy the prejudice prong of Strickland:

> [T]he facts alleged in the written motion to withdraw the no contest pleas and to dismiss based on entrapment did not present a reasonable defense of entrapment. Therefore, petitioner cannot demonstrate the result of the proceeding would have been different had counsel obtained a ruling on the motion for reconsideration which alleged the same facts.

Berglowe, No. 160245, slip op. at 5. The court agrees with the state court's adjudication. First, as previously discussed, the underlying motion was without merit. Second, the record shows that the trial court rejected the motion to withdraw at the sentencing hearing and denied the motion to

---

[6] The charge unrelated to the confidential informant's testimony.
[7] In his affidavit, counsel averred:
Berglowe and I also reviewed discovery provided by the Commonwealth, the potential life sentence on both CR11-632 and CR12-441, the 8 years, 2 months on CR00-403, and 30 years on CR12-442, the fact that even if he were successful on the entrapment defense relating to CR11-632, he would still be looking at harsh penalties relating to the other matters, th[e] fact that he had waived his right to unreasonable searches and seizures in the bond agreement he had entered into on 10-18-11, the fact that his prior drug related criminal record would be presented in part to the jury during the guilt phase of any trial (relating to propensity to sell drugs on the entrapment defense, as well as an element to prove the indictment as alleged "having previously been convicted of two or more such offenses..."), and the likely attitude of a local jury faced with these facts, including [t]he explanation that he had the cocaine and marijuana there because he was trying to cultivate buyers for the drug task force, just as he had been "cultivated." After these discussions, Berglowe felt it was in his interest to enter into a plea agreement with the Commonwealth, feeling he would get less from the judge if he simply entered a plea, and "took his medicine[,]" rather than risking the wrath of an inflamed jury drawn from a county with a significant drug problem, who, seeing his prior drug record, might give him life on one or both distribution charges.
Cook Aff. 2.

reconsider in the sentencing order. Therefore, the state court's ruling was not contrary to, or an unreasonable interpretation of, federal law, or an unreasonable determination of the facts, and the court will grant the motion to dismiss as to Claim 3.

In Claim 4, Berglowe argues that counsel did not properly file the written motion to withdraw his no contest pleas. On habeas review, the Supreme Court of Virginia held that Berglowe failed to demonstrate prejudice because: "[N]either the facts alleged in the written motion to withdraw the no contest pleas and to dismiss based on entrapment nor the facts alleged in the motion for reconsideration constituted a reasonable defense of entrapment." Id. at 6. The court agrees with the state court's ruling. As previously discussed, the entrapment defense was not viable and he was not entitled to withdraw his guilty pleas. Therefore, the state court's adjudication was not contrary to, or an unreasonable interpretation of, federal law, or an unreasonable determination of the facts, and the court will grant the motion to dismiss as to Claim 4.

In Claim 5, Berglowe argues that the trial court constructively denied his right to effective assistance by refusing to rule on the motion to withdraw the no contest pleas, the motion to dismiss based on entrapment, and the motion to reconsider. Berglowe never raised the issue in the Supreme Court of Virginia; thus, it is simultaneously exhausted but defaulted. See Baker, 220 F.3d at 288. Despite the default, Berglowe alleges his claim is substantial and entitled to review under Martinez. However, Claim 5 is not substantial because it merely reiterates the gist of his other unsuccessful claims, and the court has already determined the Supreme Court of Virginia's ruling that Berglowe failed to allege facts sufficient to make out a reasonable defense of entrapment was not an unreasonable adjudication under § 2254(d)(d).

Therefore, Claim 5 is barred from federal habeas review, and the court will grant the motion to dismiss as to Claim 5.

### VI. Conclusion

For the reasons stated, the court will grant the motion to dismiss. The petition is partially procedurally defaulted and otherwise without merit. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Berglowe and to counsel of record for Respondent.

ENTER: This 18th day of July, 2018.

/s/ Jackson Conrad
Senior United States District Judge